NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMILLO ECHAVARRIA, ET AL.<br><br>On behalf of themselves and all other similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC., J&J TRUCKING, INC. (a/k/a JJP), MXD, INC. (f/k/a EXEL DIRECT, INC.), ABC CORP., & JANE AND JOHN DOES,<br><br>Defendants. | Civ. No. 14-7207<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter is before the Court upon the Motion of Plaintiffs Camillo Echavarria, Jonathan Mark Adels, James LaBrie, Maycol Gomez, Plinio Angulo, Jose Cruz, Henry Rivera, Jose Santos, Reinaldo Rodriguez, Andres Cruz, and Carlos Vargars ("Plaintiffs") to Remand the case to the Superior Court of New Jersey, Middlesex County. (Doc. No. 11). Defendants MXD Group, Inc. oppose. (Doc. No. 13). The Court has decided this Motion based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' Motion for Remand will be granted.

BACKGROUND

Plaintiffs originally filed this case in Middlesex County Superior Court on September 14, 2012. (Doc. No. 11, Pls.' Br. at 2). Plaintiffs' case is a class action on behalf of "[a]ll

individuals that were based out of the William Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present." (Doc. No. 1, Notice Removal, at 69). Plaintiffs allege that, under New Jersey law, they were not independent contractors and were not exempt from the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, and that thus they are owed overtime payments for their work as truck drivers and helpers at the William Sonoma facility. (*Id*. at 72). The parties apparently do not dispute that the putative class contains over 100 members and that there is minimal diversity between the parties. (Doc. No. 13, Def.'s Opp'n at 2.) They do, however, dispute the amount in controversy. (*Id*.)

## DISCUSSION

A. Legal Standard

The parties agree that the basis of federal jurisdiction in this case is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). If there is no jurisdictional basis under CAFA, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c). Jurisdiction will lie under CAFA if the class has over 100 members, there is minimal diversity, and the amount in controversy is over $5,000,000. 28 U.S.C. § 1332(d)(2).

Once a case has been removed to federal court from state court, if the facts forming the basis for jurisdiction are disputed by the parties, the party alleging federal jurisdiction has the burden to justify his allegations by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. – , slip op., at 6 (Dec. 15, 2014) (requiring both parties to submit proof where jurisdiction is contested, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied); *Judon v. Travelers Prop. Cas. Co. of America*, 773 F.3d 495, 504 (3d Cir. 2014) ("The *McNutt/Samuel-Bassett* framework [requiring the party alleging jurisdiction to justify his allegations by a preponderance

of the evidence] applies where a challenge to the amount had been raised in the pleadings or the notice of removal, but 'no evidence or findings in the trial court addressed the issue.' *Samuel-Bassett*, 357 F.3d at 397; *McNutt,* 298 U.S. at 179–80"*); Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). The District Court must determine the amount in controversy from a "reasonable reading of the value of the rights being litigated" based on the pleadings at the time of removal. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *see Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed."); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004).

B. Analysis

The debate at the heart of this motion is how to calculate the amount in controversy. Defendant claims that the amount in controversy is $7,328,271, which is well-above CAFA's $5,000,000 threshold. (Doc. No. 1, Notice of Removal, at 6). Defendant arrives at this figure by taking the total amount it paid to Cruz Delivery, the delivery company owned by Plaintiff Jose Cruz, and calculating a per hour rate from that figure. (*Id*.). Defendant claims it used this technique because it only has information regarding how much it paid to Cruz Delivery, not the hourly rate other members of the class received. (*Id*. at 7). Defendant states that it paid Cruz Delivery $743,231.03 over 193 weeks, and that, estimating a 50-hour work week, Mr. Cruz was accordingly paid $77.01 an hour. (*Id*. at 6–7). Defendant then uses that rate to calculate an aggregate value of $5,005,650: $77.01/hour x 0.5 for overtime x 10 hours of estimated overtime per week x 13,000 weeks. (*Id*. at 7). Defendant then adds another $2,322,621 to this figure because Plaintiffs allege that the violations are ongoing. (*Id*. at 8).

Plaintiffs contend that Defendant's calculation vastly overstates the amount in controversy because it uses the full amount paid to Cruz Delivery to calculate an hourly rate for each member of the class. (Doc. No. 16, Pls.' Reply Br., at 7). Plaintiffs argue that the $743,231.03 figure includes amounts paid to Cruz Delivery for "the costs of diesel, tolls, insurance, and the expense of paying any other drivers and helpers that worked for [Cruz]." (*Id.* at 8). Plaintiffs then state that the average pay for a member of the class was $130 per day, and that the average class member worked ten hours per day, so that the average rate was $10/hour. (*Id.*). Using Defendant's same equation, this rate gives a total amount in controversy of $650,000. (*Id.*).

The Court is persuaded that Plaintiff's calculation is more likely to prove correct, and that the amount in controversy is well below CAFA's $5 million threshold. Plaintiffs' Third Amended Complaint very explicitly seeks only overtime wages owed to members of the class in the capacity of truck drivers and helpers. (Doc. 1, Notice of Removal, at 69, 71-73). The United States Bureau of Labor Statistics reports that, as of May 2013, the mean hourly wages for "light truck or delivery services drivers" was $16.10.[1] This number is much closer to Plaintiffs' $10/hour figure than Defendant's $77.01/hour figure. Defendant offers no persuasive reason to use the entire amount paid to Cruz Delivery to calculate an overtime rate for Jose Cruz and the other members of the class when this amount contains certain costs, such as fuel, insurance, and tolls; even if those cost components are in controversy, they would not be used to calculate an overtime rate. Defendant urges the Court that this case is very similar to the recent *Lacross v. Knight Transp., Inc.*, case from the Ninth Circuit Court of Appeals where certain costs were

---

[1] Bureau of Labor Statistics, Occupational Employment and Wages, May 2013: 53-3033 Light Truck or Delivery Services Drivers, Occupational Employment Statistics (February 5, 2015 3:32 PM), http://www.bls.gov/oes/current/oes533033.htm.

included in the amount in controversy; however, those costs were included because of a specific provision of California law.  *See Lacross v. Knight Transp., Inc.*, --- F.3d ---, 2015 WL 106179 at *1 (9th Cir. 2015) ("The lease-related and fuel costs are at stake because if plaintiffs prevail on their claim that they are employees, Kinght will be liable for its employees' expenditures related to the ownership and operation of the trucks.  *See* Cal. Lab. Code § 2802.").  Here by contrast, Plaintiffs' Third Amended Complaint only states a claim for unpaid overtime wages per New Jersey's Wage and Hour Law.  (Doc. 1, Notice of Removal, at 73).  Accordingly, if they are successful, Plaintiffs will only have a right to recover unpaid overtime wages, and based on a reasonable reading of Plaintiffs' Third Amended Complaint, the value of this right is well below $5 million.

## CONCLUSION

     For the reasons set forth above, Plaintiffs' Motion for Remand will be granted.  An appropriate order will follow.

                                */s/ Anne E. Thompson*
                                ANNE E. THOMPSON, U.S.D.J.